IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAUM MEDITATION HOUSE OF TRUTH, an Illinois not-for-profit Corporation, in its corporate capacity and also on behalf of certain members of the organization, and SHEEHYUNG SUNG, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 13-cv-3794 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| LAKE COUNTY, ILLINOIS, an Illinois Municipal corporation, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, MAUM Meditation House of Truth, certain of its members and Sheehyung Sung (collectively "MAUM" or "plaintiffs"), filed an Amended Complaint after this Court's denial of MAUM's motion for preliminary injunction and MAUM's acquiescence that it should pursue an appeal with the zoning board before proceeding with the instant action. Defendant Lake County moves to dismiss the Amended Complaint for failure to state a claim [34]. MAUM renewed its motion for preliminary injunction [31]. For the reasons set forth below, this Court grants Lake County's motion to dismiss and denies MAUM's motion for preliminary injunction.

**Background**

MAUM's complaint in this matter requests a permanent injunction and declaratory relief based on Lake County's decision that MAUM needs a "change of use" permit to operate a meditation center in Mr. Sung's residence at 1122 Elm Road, Lake Forest, Illinois, 60045.

MAUM is seeking to use the property as both a residence for Mr. Sung and two meditation guides, and a meditation center comprising two rooms for small group meditation. MAUM estimates

1

that approximately twenty people per day in groups of two to five persons would use the facility. MAUM maintains that they do not need to comply with building code or apply for a "change of use" permit because they are not changing the use of the premises. MAUM contends that the meditation center is an "accessory" use to the residence and thus they are in compliance with the building code without making any renovations.

Lake County supplemented its motion to dismiss the Amended Complaint with the transcripts and findings of the hearings from the Zoning Board of Appeals. On January 21, 2014, and February 11, 2014, the Lake County Zoning Board of Appeals held public hearings on MAUM's request for administrative appeal to reverse an administrative decision by the Chief Engineer and Building Official of the Lake County Planning, Building and Development Department. As a result of those hearings, the Zoning Board of Appeals issued a decision finding that:

1) the proposed use of the property entails the establishment of a place of religious worship in an existing residence;

2) if the existing residence were to also contain the proposed place of religious worship, the building would contain two occupancies as defined by the International Building Code of 2006;

3) as proposed, the existing residence would remain the principle use or purpose of the subject building;

4) the activities that would occur in the proposed place of religious worship would not be necessary for the exiting residence to properly function and could otherwise reasonably exist apart from the existing residence;

5) as such, the proposed place of religious worship would be neither accessory nor ancillary to the existing residence; and

6) the proposed use does not qualify for an exception from the application of Section 508 of the International Building Code of 2006 that applies to "mixed uses and occupancies."

The Zoning Board of Appeals therefore affirmed the Chief Building Official's determination that the proposed use of a religious institution and residence is a mixed use that does not qualify for an exemption. Further, the mixed use constitutes a change of use under the building code.

In order to comply with Lake County's decision MAUM would have to make a variety of renovations to the residence. Among the alterations which MAUM asserts that it would have to make to the property are the addition of ten parking spaces (one for disabled persons) with 24 feet of clearing lane, moving the sign 10 feet back from the current location, accessibility compliant door handles and hardware, two accessible restrooms of approximately 70 square feet each, emergency lighting, sprinkler system, 1 hour fire rated wall between the meditation center and the residential portion of the house, separate heating and air-conditioning systems, a floor integrity check, wetland delineation, and civil engineering study. MAUM complains that the cost of compliance would be approximately $200,000, which would constitute a substantial burden on MAUM's free exercise of religion.

The Amended Complaint contains five counts against Lake County stemming from the alleged deprivation or burdening of MAUM's religious freedom: Count I alleges violation of the Free Exercise Clause under the First Amendment to the U.S. Constitution and Article I, § 3 of the Illinois Constitution; Count II alleges a violation of the Illinois Religious Freedom Restoration Act ('IRFRA"), 775 ILCS 35/21; Count III alleges a "class of one" violation of the equal protection clause of the Fourteenth Amendment to the U.S. Constitution; Count IV alleges a violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution; and Count V alleges violations of free speech and free association under the First Amendment to the U.S. Constitution and Article I, § 4 of the Illinois Constitution.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

"As the Supreme Court has observed, 'a preliminary injunction is an extraordinary and drastic remedy, on that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion. To justify this relief, movants must show that (1) they have a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." (Internal citations omitted). *Goodman v. Illinois Department of Financial and Professional Regulation,* 430 F3d 432, 437 (7th Cir. 2005).

**Discussion**

This Court will first address Lake County's motion to dismiss before considering MAUM's motion for preliminary injunction since resolution of the Lake County's motion will impact the preliminary injunction factor of MAUM's likelihood of success on the merits. *See Joelner v. Village of*

*Washington Park, Illinois*, 378 F.3d 613, 620 (7th Cir. 2004) ("When a party seeks a preliminary injunction on the basis of a potential *First Amendment* violation, the likelihood of success on the merits will often be the determinative factor."). Lake County moves to dismiss all counts of the Amended Complaint for failure to exhaust administrative remedies or, alternatively, for failure to state a claim.

*I. Exhaustion of Administrative Remedies*

Lake County argues that MAUM's complaint must be dismissed for failure to exhaust administrative remedies because MAUM had state remedies available for compensation. MAUM responds that it is not required to exhaust its administrative remedies because it is alleging a *bona fide* equal protection claim and, even if it were required to exhaust its administrative remedies, it has done so by appealing to the Zoning Board of Appeals.

MAUM must exhaust its administrative remedies. All final decisions of the board of appeals are subject to judicial review pursuant to the provisions of the Administrative Review Law. 65 ILCS 5/11-13-13. An aggrieved party may seek judicial review of an administrative decision without complying with the exhaustion of remedies doctrine where the agency cannot provide an adequate remedy or where it is patently futile to seek relief before the agency. *Constantine v. Village of Glen Ellyn*, 575 N.E. 2d 1363, 217 Ill. App. 3d 4 (2d Dist. 1991). Jurisdiction and venue for judicial review of administrative decisions is vested in the County Circuit Courts. 735 ILCS 5/3-104. Such courts will examine the zoning action *de novo* for arbitrariness as a matter of substantive due process under the six-part test set forth in *LaSalle National Bank v. County of Cook*, 12 Ill. 2d 40, 145 N.E.2d 65 (1957). *Our Savior Evangelical Lutheran Church v. Saville,* 397 Ill. App. 3d 1003, 1027, 922 N.E.2d 1143 (2d Dist. 2009).

Here, MAUM only appealed to the Zoning Board of Appeals and did not pursue their claims through the Administrative Review Law. MAUM argues that it need not proceed through the Circuit

5

Court of Lake County on an appeal of the zoning board decision because the requirement to exhaust their administrative remedies is inapplicable where there are fundamental rights, a suspect class, or a *bona fide* equal protection claim at issue. *Forseth v. Village of Sussex*, 199 F.3d 363, 371 (7th Cir. 2000). A *bona fide* equal protection claim is shown by "governmental action wholly impossible to relate to legitimate governmental objectives." *Id.* For reasons set forth fully below, this Court finds that the claims on which MAUM relies to avoid exhaustion of administrative remedies are insufficiently stated and its equal protection claim not *bona fide*. MAUM must therefore exhaust its administrative remedies by seeking review of the zoning board of appeals decision in the Circuit Court of Lake County. MAUM's Amended Complaint is dismissed on that basis. This Court will examine whether MAUM sufficiently stated a claim under the Federal Rules of Civil Procedure for the sake of completeness.

## *II. Failure to State a Claim*

Count I of MAUM's Amended Complaint alleges that by requiring MAUM to comply with a Change of Use permit and make various cost-prohibitive renovations to the property. MAUM asserts that Lake County's building code allows for MAUM's proposed use of the property without a change of use permit and therefore Lake County has imposed a substantial burden on MAUM's free exercise of religion without a compelling government interest applied through the least restrictive means. Lake County argues that MAUM fails to adequately allege a free exercise violation.

Free Exercise Clause analysis begins with an inquiry into whether the law at issue is neutral and generally applicable. *Vision Church, United Methodist v.Village of Long Grove*, 468 F.3d 975, 996 (7th Cir. 2006). The International Building Code, as adopted by Lake County is neutral and generally applicable. The particular provision at issue here is Section 303.1: "A room or space used for assembly purposes with an occupant load of less than 50 persons and accessory to another occupancy [in this case residential] shall be classified as a Group B occupancy or as part of that

6

occupancy… A room or space used for assembly purposes that is less than 750 square feet (70m2) in area and is accessory to another occupancy shall be classified as a Group B occupancy or as part of that occupancy." (Amend. Compl. Ex. W). Nothing in this section of the building code suggests that it applies exclusively to religious institutions. *See Civil Liberties for Urban Believers, Christ Center, Christian Covenant Outreach Church ("C.L.U.B.") v. City of Chicago*, 342 F.3d 752, 765 (7th Cir. 2003). Even neutral laws of general applicability will be subject to strict scrutiny if it unduly burdens the free exercise of religion, *Vision Church*, 468 F.3d at 996, and (1) the government is allowed to make individualized assessments, or (2) a "hybrid rights" claim exists. *Church of Lukumi Babalu Aye v. City of Hiyaleah*, 508 U.S. 520, 537 (1993). MAUM alleges that Lake County impermissibly made an individualized assessment by interpreting the building code without having any guidelines for defining an "accessory" use and that its right to freedom of association is a companion right to free exercise that is also violated by Lake County's actions.

The Commentary of the International Building Code states that an "accessory" use must be functionally related to the primary use. *See 2006 International Building Code and Commentary Volume I*, commentary to Section 303. Although MAUM argues that there is no evidence on which this Court may rely to determine that Lake County consistently applies the IBC's commentary definition of "accessory" use, it is MAUM's burden to allege sufficient facts from which this Court may infer that MAUM's rights have been violated. Nothing suggests that Lake County deviated from the "functionally related" definition of "accessory" when it determined that a religious institution of the kind proposed by MAUM is not functionally related to a residence such that it would constitute an "accessory" rather than a change of use. Unlike having a meditation room in one's home for private purposes of family and friends, MAUM is proposing two rooms be allocated for approximately 20 practitioners to meditate daily. Further, MAUM's proposed meditation center is intended to be open to the public. This Court finds that MAUM has therefore not adequately alleged that Lake County

7

made an individualized assessment that would subject the application of the building code to strict scrutiny.

MAUM's "hybrid rights" claim is also insufficiently alleged. "[A] plaintiff does not allege a hybrid rights claim entitled to strict scrutiny analysis merely by combining a free exercise claim with an utterly meritless claim of the violation of another fundamental right." *C.L.U.B.*, 342 F.3d at 765. Here, MAUM is asserting equal protection, free speech, free association, and due process claims. The Court will address each of those claims below.

In Count II, MAUM alleges a violation of the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1 *et seq*. Pursuant to IRFRA, "government may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, unless it demonstrates that application of the burden to the person (i) is in furtherance of a compelling governmental interest and (ii) is the least restrictive means of furthering that compelling governmental interest." 775 ILCS 35/15. MAUM alleges that Lake County is substantially burdening its free exercise of religion by requiring MAUM to apply for and make renovations to comply with a "Change of Use" permit.

While IRFRA does not define "substantial burden," courts in this district apply the same guidelines as they do for claims brought pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. *See, e.g.*, *Vineyard Christian Fellowship of Evanston, Inc. v. City of Evanston*, 250 F.Supp.2d 961, 993-94 (N.D. Ill. 2003). A substantial burden is "one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise – including the use of real property for the purposes therefore within the regulated jurisdiction generally – effectively impracticable." *C.L.U.B.*, 342 F.3d at 761. Here, MAUM has not sufficiently alleged a substantial burden. It complains only of the financial implications of the County's decision. "It is well established that there is no substantial burden placed on an individual's free exercise of religion

8

where a law or policy merely operates so as to make the practice of [the individual's] religious beliefs more expensive." *Id.* at 762 (citing *Stuart Circle Parish v. Board of Zoning Appeals of Richmond*, 946 F.Supp. 1225, 1237 (E.D. Va. 1996), quoting *Braunfield v. Brown,* 366 U.S. 599, 605 (1961)).

In Count III, MAUM alleges a "class of one" violation of the equal protection clause of the Fourteenth Amendment to the U.S. Constitution. "[A] class-of-one plaintiff must show (1) that he has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment." *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 2014 U.S. App. LEXIS 11813 (7th Cir. June 20, 2014) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)). MAUM's allegations do not sufficiently allege either of these elements. MAUM has not offered any factual basis indicating that it was intentionally treated any differently from any other individual or organization making a similar request. Nor is there sufficient allegation that Lake County's reason for its decision that MAUM's proposed use of Mr. Sung's residence is a change of use lacks a rational basis. In general, zoning ordinances imposing restrictions on use and occupation of private land, including distinguishing between residential and commercial and other uses, satisfy the rational basis test. *C.L.U.B.*, 342 F.3d at 766 (citing *Village of Euclid v. Amber Realty Co.*, 272 U.S. 365, 386-87 (1926)). Here, Lake County concluded based on the proposed use that would have approximately twenty people (140 a week) in addition to three residents coming and going from the property every day necessitated the change of use permit and its attendant building code requirements. The permit requirements, including things such as additional parking, handicap accessibility, and fire and safety measures all relate to the increase in traffic and use.

In Count IV, MAUM alleges a violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution. Specifically, MAUM alleges that its proposed use is not a change of use under the building code and therefore it does not need to obtain permission from

9

Lake County to use the property in the manner proposed. MAUM asserts that by requiring it to obtain a change of use permit, Lake County has violated its due process rights. Lake County argues that MAUM has not pursued the due process available to it and, further, MAUM is not attacking the constitutionality of the building code, but is challenging Lake County's interpretation of its building code.

This Count also fails to state a claim. First, MAUM has not appealed the decision of the Lake County Zoning Board through the channels available to it. Second, the building code provision pursuant to which MAUM claims it is operating and thus has not changed its use of the property, applies only to "accessory" uses. Lake County's interpretation of "accessory" use under its building code to mean a use that is functionally related to the primary use does not present a due process violation. "The right to petition the government for redress of grievances is found in the First Amendment to the Constitution but has been held to be enforceable against the states by virtue of the due process clause of the Fourteenth Amendment." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1006 (7th Cir. 2000) (citing *Edwards v. South Carolina*, 372 U.S. 229, 235, 9 L. Ed. 2d 697, 83 S. Ct. 680 (1963), and *Grossbaum v. Indianapolis-Marion County Building Authority*, 100 F.3d 1287, 1294 n. 5 (7th Cir. 1996)). The Fourteenth Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

Here, MAUM initially opted not to avail itself of the procedures provided by Lake Coutny to redress complaints about the application of its building code. Lake County's building code has a provision for appealing to the Zoning Board of Appeals for claims "that the true intent of this ordinance or the rules legally adopted there under has [sic] been incorrectly interpreted, the provisions of this code do not fully apply, or an equal or better form of construction is proposed." *International Building Code of 2006,* § 112 (2006), *as adopted and amended by* Lake County, Ill., Ordinances (Nov. 14, 2006). Initially, MAUM did not avail itself of this procedure. MAUM has since appealed to

the Zoning Board of Appeals and been denied. MAUM has further due process available to it through the Administrative Law to appeal the Zoning Board of Appeals decision to the Circuit Court of Lake County. Accordingly, this Court finds that MAUM cannot adequately allege a claim for denial of due process.

In Count V, MAUM alleges violations of free speech and free association under the First Amendment to the U.S. Constitution and Article I, § 4 of the Illinois Constitution. MAUM's claim of a free speech and free association violation under the First Amendment and the Illinois Constitution fails for the same reason as its Free Exercise claim. There is no indication that Lake County's application and interpretation of the building code relates MAUM's message and it does not unduly burden MAUM's exercise of these rights. MAUM's argument that Lake County is preventing MAUM from exercising their speech and association rights is nonsensical. MAUM argues that Lake County's application of the building code is contrary to the text and is therefore a content-based determination. MAUM misunderstands the meaning of content-neutral versus content-based regulation of speech or assembly. The court in *C.L.U.B.* explained that "to the extent that the [city ordinance] incidentally regulates speech or assembly within churches, such regulation is motivated not by any disagreement that Chicago might have with the message conveyed by church speech or assembly, but rather by such legitimate, practical considerations as the promotion of harmonious and efficient land use. In this respect it is content neutral." *C.L.U.B*, 342 F.3d at 765. Accordingly, this Court finds that MAUM fails to state a claim for violations of its free speech and assembly rights.

*II. Preliminary Injunction*

Based on the foregoing reasons for granting Lake County's motion to dismiss the Amended Complaint in its entirety this Court finds that MAUM cannot carry its burden of persuasion and make a clear showing that a preliminary injunction is appropriate. This Court's dismissal of the

Amended Complaint for failure to exhaust administrative remedies and, additionally, for failure to state a claim compels this Court to find that MAUM is not likely to succeed on the merits. That issue is determinative and this Court need not address the remaining factors for a preliminary injunction.

**Conclusion**

For the reasons stated herein, this Court grants defendant Lake County's Motion to Dismiss the Amended Complaint [34] and denies plaintiff MAUM *et al.*'s Renewed Motion for Preliminary Injunction [31].

IT IS SO ORDERED.

Date: July 16, 2014

Entered

United States District Judge